

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:11-CR-14 |
| | § | |
| STACY REE GARCIA | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the Defendant, Stacy Ree Garcia, violated conditions of supervised release imposed by United States District Judge George P. Kazen. The United States Probation Office filed its *Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the Defendant's supervised release. The Court conducted a hearing on November 8, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this Court factually finds that the Defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of her supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On December 16, 2009, the Honorable George P. Kazen of the Southern District of Texas sentenced the defendant after she pled guilty to the offense of transporting an undocumented alien for private financial gain within the United States by means of a motor vehicle, a Class C felony. Judge Kazen sentenced Ms. Garcia to a term of 21 months imprisonment followed by three years of supervised release. On December 10, 2010, Stacy Ree Garcia completed her period of imprisonment and began serving the supervision term.

On March 30, 2011, jurisdiction over this criminal proceeding was transferred from the Southern District of Texas to the Eastern District of Texas (doc. #1). On April 8, 2011, the Court modified the Defendant's conditions of supervised release to include participation in a program of testing and treatment for alcohol abuse under the guidance and direction of the U.S Probation

Office, until such time as the defendant is released from the program by the probation officer (doc. #2). On May 17, 2011, the Court again modified Ms. Garcia's conditions of supervision (doc. #3). The Court modified her conditions to include participation in a program of psychiatric and mental health services as well as residing in a residential reentry center or similar facility, in the community corrections component, for a period of 180 days.

### B. Allegations in Petition

The Probation Office alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, the petition alleges that Ms. Garcia submitted a urine specimen that tested positive for cocaine on February 3, 2011. On February 10, 2011, the lab results confirmed that the urine specimen was positive for Benzoylecgomine-Cocaine. Ms. Garcia signed a written admission statement on February 16, 2011, admitting that she used cocaine on February 15, 2011. Ms. Garcia signed a written admission on April 15, 2011, admitting that she used cocaine on April 13, 2011.

The Probation Office also alleges that Defendant violated the following special condition of supervised release:

*The defendant shall reside in a residential reentry center or similar facility, in the community corrections component, for a period of 180 days. The defendant shall observe the rules of that facility, to include paying subsistence.*

Specifically, Ms. Garcia failed to report to the County Rehabilitation Center in Tyler, Texas, on June 8, 2011, to begin serving a period of 180 days.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would submit documentary evidence establishing that on February 3, 2011, Ms. Garcia submitted a urine specimen which tested positive for cocaine as confirmed by lab results on February 10, 2011. The Government would also present signed admission forms executed by Ms. Garcia in which she admitted to using cocaine on February 15, 2011, and April 13, 2011, respectively. Finally, the Government would prove that Ms. Garcia failed to report to the County Rehabilitation Center in Tyler, Texas, on June 8, 2011, as required by the condition that she reside in a community corrections component of a residential reentry center for a period of 180 days.

Defendant, Stacy Ree Garcia, offered a plea of true to the above-stated allegations. Specifically, Ms. Garcia agreed with the evidence presented and pled true to the allegations that she used a controlled substance and failed to report to the community corrections component as directed, all in violation of her supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence, and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the Defendant violated a mandatory condition of her supervision conditions by using a controlled substance. The Court further finds by a preponderance of the evidence that Defendant also violated a special condition of her supervised release by failing to report to the County Rehabilitation Center, a community corrections component of a residential reentry center, as directed.

If the Court finds that the Defendant violated her supervision conditions in the manner

described above, both of these violations constitute Grade C violations under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Ms. Garcia's criminal history category of V and the Grade C violations, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from seven (7) to thirteen (13) months on each violation. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any imprisonment term served on a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, the Defendant failed to serve 180 days of community corrections component time in the County Rehabilitation Center which the District Court ordered that she serve as part of her conditions of supervision.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the Defendant's own admission supports a finding that she violated her supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the Defendant committed two Grade C violations of her supervision conditions by using a controlled substance and by failing to serve 180 days in a residential reentry center, in the community corrections component. Ms. Garcia knowingly and voluntarily pled true and agreed with the Court's recommended sentence for these violations.

Accordingly, based upon the Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the Defendant's supervised release. The Court finds it appropriate to assess a term of nine (9) months imprisonment on each Grade C violation, for a total of eighteen months imprisonment. The parties agreed with this finding. The undersigned magistrate judge accordingly recommends that the District Court order Defendant, Stacy Ree Garcia, to serve a term of **eighteen (18) months imprisonment** to include 180 days that the Defendant was ordered to serve in a community corrections component of a residential reentry center as part of her supervision conditions. The undersigned also recommends that Ms. Garcia be placed in the Federal Prison Camp for women in Bryan, Texas, to serve her sentence, if possible. The Court finally recommends that Ms. Garcia receive no further

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

supervision upon her release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of November, 2011.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE